CENTRAL ALTAGRACIA, INC., Plff.,

*v.*

DAVID WILSON, Dft.

Mayaguez, Law, No. 187.

In an action sounding in tort, which, in effect, is an action for libel and slander, plaintiff will be ordered to furnish a bill of particulars showing places, dates, and names of persons in connection with the allegations of the complaint.

Order filed February 15, 1908.

*Messrs. N. B. K. Pettingill* and *Horton & Cornwell,* attorneys for plaintiff.

Central Altagracia v. Wilson.

*Mr. Henry F. Hord,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

About a year ago the plaintiff filed an action in tort against the defendant, which, in effect, amounts to an action for libel and slander of the plaintiff, its officers and business. On January the 3d, 1908, the court overruled the defendant's demurrer, but held that, on his application therefor, the plaintiff must furnish him a bill of particulars (see the court's order in the files). On January the 11th the plaintiff furnished a so-called bill of particulars which the defendant states does not give him any more information concerning the demand of the plaintiff than he previously had from the declaration itself. We have examined the bill of particulars furnished and we agree with the defendant. It in no manner complies with the order of the court.

It is therefore ordered that, unless within seven (7) days from the filing hereof plaintiff files a proper bill of particulars in the cause, and furnishes a copy thereof to counsel for defendant, in addition to the bill of particulars now on file, setting out the place where and some person or persons to whom the defendant stated the things set out in paragraphs 4 and 5 of the complaint, and further setting out the names of persons and places referred to in paragraphs 8 and 10, the complaint will stand dismissed at the costs of the plaintiff without further action on the part of the court.